F I L E D
Clerk
District Court

JAN 31 2022

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UVAROV DENIS,<br><br>           Plaintiff,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); EVERETTE ROUTE, in his official capacity; MARK YAMANAKA, in his official capacity; HENRY LUCERO, in his official capacity; TAE D. JOHNSON, in his official capacity; and DAVID PEKOSKE, in his official capacity as the Acting Secretary of the U.S. Department of Homeland Security,<br><br>           Defendants. | Case No. 1:21-cv-00001<br><br>**AMENDED[1] DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING COMPLAINT** |

Before the Court is Defendants' motion to dismiss Plaintiff Uvarov Denis's complaint pursuant to Fed. R. Civ. P. 12(b). (Mot. to Dismiss, ECF No. 8). No opposition was filed by Plaintiff.  Having reviewed the record, procedural history, and relevant case law, the Court GRANTS Defendants' motion for the following reasons.

## I.      BACKGROUND

On January 8, 2021, Plaintiff Uvarov Denis, a Russian national, filed a pro se application to proceed *in forma pauperis* (IFP Application, ECF No. 1) and complaint and request for injunction with this Court (Complaint, ECF Nos. 1-1 through 1-3). In his complaint, Plaintiff sought monetary

---

[1] This amended order is entered pursuant to the order granting Defendants' motion to amend. (ECF No. 20.) The changes are reflected in bold.

damages along with: (1) a preliminary injunction for the return of his passport; (2) a declaration from this Court recognizing "ICE's practice of confiscating foreign citizens' passports, as well as forcibly retaining foreigners in the United States as a violation of the U.S. Constitution, Civil Rights Act, Universal Declaration of Human Rights and common sense"; and (3) a permanent injunction prohibiting ICE from confiscating foreign passports and forcibly retaining foreigners. (Complaint at 11.)

After reviewing Plaintiff's *in forma pauperis* application, the Court granted such application. (Screening Order at 1, ECF No. 3.) But after screening the complaint pursuant 28 U.S.C. § 1915(e)(2), the Court concluded that only Plaintiff's Fifth Amendment Due Process violation claim for injunctive relief against ICE and the named officers in their official capacities may proceed. (Screening Order at 10). Furthermore, while the Court could grant declaratory relief, it had no jurisdiction to make declarations regarding the Universal Declaration of Human Rights and "common sense". (*Id*. at 8). Because Plaintiff filed a motion for a preliminary injunction for the return of his passport, the Court set a preliminary hearing for February 19, 2021 and ordered that Defendants show cause as to why the Court should not order the immediate return of Plaintiff's passport.

On February 10, 2021, Defendants filed a notice of mootness of Plaintiff's motion for a preliminary injunction and informed the Court that Plaintiff's passport was returned to him on February 8, 2021. (Notice, ECF No. 4).   The Court vacated the preliminary injunction hearing since Plaintiff successfully obtained the relief sought in his request for a preliminary injunction— specifically, the return of his passport.  (Order, ECF No. 7; *see Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (noting that an action is moot where no effective relief remains available)).

Thereafter, Defendants moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) for lack

of subject matter jurisdiction, on the basis that Plaintiff's passport was returned to him and that Plaintiff was observed boarding a plane leaving the CNMI with the intent to travel to Ukraine.  (Motion to Dismiss at 5-6, ECF No. 6.)  Defendants argue that Plaintiff's remaining claim is now moot.  (*Id.*) Alternatively, Defendants move to dismiss the action for Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), given that ICE's decision to retain Plaintiff's passport pending his expedited removal fell under the agency's discretionary authority under the Immigration and Nationality Act, 8 U.S.C. 1101, *et seq*. (Motion to Dismiss at 6-8.) Pursuant to Local Rule 7.1(c)(2), Plaintiff's deadline to file an opposition was April 8, 2021.  To date, no opposition has been filed.

## II.   DISCUSSION

Given that Plaintiff has been returned his passport and the Court has already resolved that such relief moots his claim for a preliminary injunction, the remaining components of his claim under the Fifth Amendment Due Process Clause is for a permanent injunction prohibiting ICE from confiscating foreign passports and forcibly retaining foreigners, as well as a declaration from this Court recognizing "ICE's practice of confiscating foreign citizens' passports, as well as forcibly retaining foreigners in the United States" as a violation of the U.S. Constitution and the Civil Rights Act.  (Complaint at 11; ECF No. 2).  The Court, however, concludes that it lacks subject matter jurisdiction to grant Plaintiff any further relief because the case is now mooted.

Article III of the United States Constitution requires that federal courts only decide actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  To satisfy Article III's redressability requirement, redress must alleviate the plaintiff's alleged

injury in some way, either by compensating the plaintiff for a past loss or by preventing an ongoing or future harm. *Steel Co. v. Citizens for a Better Envir.*, 523 U.S. 83, 104-110 (1998). "When it is impossible for a court to grant any effectual relief whatever to the prevailing party," *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotations and citation omitted), the case is moot.  The Court no longer has the power to decide it because "[f]ederal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Id.* at 172 (citing *Lewis*, 494 U.S. at 477). To decide a moot case would constitute an advisory opinion in violation of "the oldest and most consistent thread in the federal law of justiciability." *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (internal quotation marks omitted).

As noted more recently in the United States Supreme Court case *Uzuegbunam v. Preczewski*:

> At all stages of litigation, a plaintiff must maintain a personal interest in the dispute. The doctrine of standing generally assesses whether that interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings. To demonstrate standing, the plaintiff must not only establish an injury that is fairly traceable to the challenged conduct but must also seek a remedy that redresses that injury. And if in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot.

141 S.Ct. 792, 796 (2021).  The plaintiff must also maintain a personal interest "separately for each form of relief sought," including when judgment is entered.  *Id.* at 801 (internal quotations and citations omitted); *see City of Los Angeles v. Lyon*, 41 U.S. 95, 101 (1983) (noting that a plaintiff must demonstrate "a personal stake in the outcome.").

In this matter, Plaintiff has already been given his passport and is no longer in the United States.  (*See* Decl. of Rodney Sayama ¶ 8; Decl. of Christopher Danaher ¶ 3.) Plaintiff's own motion before this Court to appear telephonically or by videoconferencing also confirms that he is now in

Ukraine. (*See* ECF No. 9.)  Thus, even if ICE's practice of confiscating passports to retain foreigners was unconstitutional, Plaintiff no longer has a personal interest or stake as to any judgment from this Court declaring so, or any personal interest in a permanent injunction prohibiting ICE from confiscating foreign passports and retaining foreigners awaiting removal proceedings in the future. Furthermore, given the nature of Plaintiff's entry to the United States and basis for surrendering his passport to ICE, the alleged constitutional violation is unlikely to reoccur.  In this case, Plaintiff entered the CNMI in November 2017 and sought **withholding of removal** in June 2018. At the time he **sought protection from removal**, he had overstayed his **period of parole granted under the CNMI-Only parole program**, self-surrendered to ICE knowing he was subject to removal proceedings, and surrendered his passport.  Plaintiff continuously **sought protection from removal** for two years before he changed his mind and demanded the return of his passport and declared his desire to be allowed to return to his home country. There is no reasonable expectation that he will re-enter the United States in a similar manner, overstay, and then suffer the same alleged wrong again. Plaintiff's Fifth Amendment Due Process claim for a permanent injunction as well as a declaratory judgment is therefore mooted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.[2]

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.  Plaintiff's complaint is dismissed, and the hearing set for April 29, 2021 is hereby vacated. Furthermore,

---

[2] Because the Court lacks jurisdiction, it need not reach the issue as to whether the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state the claim.

Defendants' motion for counsel to appear by video conference (ECF No. 11) is DENIED as moot.

The Clerk is directed to close the case.

IT IS SO ORDERED this 31st day of January, 2022.

_____
RAMONA V. MANGLONA
Chief Judge